OPINION
{¶ 1} Defendant-appellant, Harold K. Freeman, appeals from the January 16, 2003 judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, overruling appellant's objections, and adopting and approving the decisions of the magistrate filed on August 22, 2002 and September 4, 2002. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Pursuant to an agreed judgment entry decree of divorce ("divorce decree") filed on May 11, 1995, appellant and plaintiff-appellee, Bonnie L. Freeman (nka Gilligan), terminated their marriage. According to the divorce decree, both appellant and appellee were required to share in the extraordinary expenses of their three minor children, Mark Freeman, Brent Freeman, and Kevin Freeman. These expenses related to the minor children's school, athletics, and college applications. After appellee paid the first $50 per child per year, appellant was required to pay 75 percent of the expenses and appellee was required to pay the remaining 25 percent of the expenses.
 {¶ 3} On February 5, 2002, appellant filed a contempt motion against appellee alleging that she failed to and refused to reimburse him in the amount of $1,453.29 for extraordinary expenses he incurred which dated back to December 1995. On August 22, 2002, following a hearing, a magistrate overruled appellant's motion. On August 27, 2002, appellant filed, pursuant to Civ.R. 52, a request for findings of fact and conclusions of law. On September 4, 2002, a magistrate denied appellant's request.
 {¶ 4} Appellant filed objections to both of the magistrate's decisions. In its decision dated January 16, 2003, the trial court determined that the magistrate did not err as a matter of law or fact in overruling appellant's motion for contempt because appellant did not provide sufficient competent credible evidence to support a finding of contempt against appellee. Furthermore, the trial court additionally held that the magistrate did not err in denying appellant's request for written findings of fact and conclusions of law because Civ.R. 52 does not require the issuance of findings of fact and conclusions of law in contempt proceedings. It is from this decision that appellant appeals, assigning the following as error:
ASSIGNMENT OF ERROR NO. 1:
Judicial Construction of a Judgment Is Impermissible When the Judgment Is Unambiguous.
ASSIGNMENT OF ERROR NO. 2:
The Court committed prejudicial error in allowing the proceedings to go forward without Plaintiff-Appellee or Plaintiff-Appellee's counsel being present before the Court.
ASSIGNMENT OF ERROR NO. 3:
The Court committed prejudicial error in granting a Motion for Continuance without Good Cause.
 {¶ 5} In his first assignment of error, appellant contends that the trial court erred and the judgment should be reversed because the trial court failed to give the divorce decree its plain meaning. The part of the decree that appellant references specifies that:
 OTHER EXTRAORDINARY EXPENSES: * * *
If either party pays any of the above expenses in full, he/she shall, within ten (10) days, submit the proof of payment to the other parent and shall receive reimbursement from the other parent within twenty (20) days from the day proof of payment is submitted.
 {¶ 6} Appellant argues that the trial court added to the terms of the divorce decree when it determined that appellant "did not submit a request for reimbursement or proof of payment within ten days of incurring the expense." (January 16, 2003 decision, at 4.) (Emphasis added.) Appellant notes that the divorce decree obligates him to submit within 10 days after obtaining proof of payment and not within 10 days after incurring the expenses. Appellant argues that he can only submit proof of payment when his bank returns the canceled check written for the expense.
 {¶ 7} The trial court's failure in not using the exact language of the divorce decree does not constitute an error warranting a reversal of its decision. Appellant failed to present sufficient competent credible evidence that he abided by the terms of the divorce decree. Evidence presented at the contempt hearing revealed that appellant, after paying for the expenses, did not submit a request of reimbursement or proof of payment within 10 days to appellee, but instead notified appellee on January 23, 2002, and attempted to enforce the extraordinary expense provision of the divorce decree at the time he filed the contempt motion on February 5, 2002.
 {¶ 8} Appellant testified that it was customary for him to send a note to appellee detailing the purpose of the expense, along with a copy of the cancelled check or credit card statement. (Tr. 9-15.) However, appellee testified that it was not until January 23, 2002, that she became aware of any information regarding appellant's request for reimbursement, which dated back to 1995. (Tr. 31-32.) Appellee testified that, on January 23, she received a packet from appellant that contained demand letters and copies of checks that appellant allegedly sent to her for reimbursement.
 {¶ 9} Appellant failed to comply with the 10-day time constraint in the divorce decree and further failed to present evidence to the trial court of any compliance. The trial court's use of the phrase "within ten (10) days of incurring the expense" as opposed to the use of the phrase "within ten (10) days submit the proof of payments" does not warrant a reversal of its decision where appellant submitted his request for reimbursement seven years after paying for the expenses. Appellant failed to prove by clear and convincing evidence that he abided by the terms of the divorce decree. As such, the trial court did not err in its decision. Accordingly, appellant's first assignment of error lacks merit and is not well-taken.
 {¶ 10} In his second assignment of error, appellant contends that the trial court erred in allowing the January 6, 2003 hearing to go forward without appellee or appellee's counsel, Jennifer Joseph, being present at the hearing. On January 6, 2003, Attorney Julie Leveridge, of the law firm of Joseph Joseph, made an oral notice of appearance on record on behalf of appellee. (January 6, 2003 Tr. 2.)
 {¶ 11} Initially, we note that appellant failed to state his objections to the trial court proceeding with the objection hearing. "A claimed error not objected to will not be noticed on appeal unless it rises to the level of plain error." State v. Bock (1984),16 Ohio App.3d 146, 150. In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself. Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus. Using the plain error doctrine very sparingly, the present case involves only a failure to object and does not include circumstances seriously affecting "the basic fairness, integrity, or public reputation of the judicial process."
 {¶ 12} In this case, it is not uncommon for an associate of a firm to appear as substitute counsel on behalf of a partner when that partner is unable to make the court appearance. Attorney Joseph never filed a motion to withdraw as counsel. Thus, Attorney Leveridge, in essence, was acting as co-counsel. As such, it was within the sound discretion of the trial court to proceed with the hearing and allow the associate counsel to make an appearance on behalf of appellee. Accordingly, appellant's second assignment of error lacks merit and is not well-taken.
 {¶ 13} In his third and final assignment of error, appellant contends that the trial court erred in granting a motion for continuance without good cause. A hearing was scheduled for October 30, 2002 on appellant's objections to the magistrate's decision. According to appellant, appellee was not present at the hearing and appellee's counsel appeared later that morning requesting a continuance. Appellant alleges that the trial court instructed appellant that he must comply with the continuance. According to appellee, a continuance was necessary to allow for additional time to prepare because appellant failed to serve appellee's counsel with his objections to the magistrate's decisions as prescribed by the Civil Rules.
 {¶ 14} Trial courts have broad discretion to decide whether to grant a continuance. State v. Powell (1990), 49 Ohio St.3d 255, 259. A careful review of the record and the motion for continuance reveals that it was appellant, not appellee, that requested the continuance because appellee and Attorney Joseph did not appear for the hearing. Appellant cannot now claim an error for granting a continuance that he requested. Furthermore, if appellee did request the continuance, it was not unreasonable for the trial court to grant such a request because counsel needed additional time to prepare for the hearing in light of appellant's failure to serve a copy of the objections on appellee's counsel. Accordingly, we conclude that the trial court did not abuse its discretion in granting the motion for continuance. Appellant's third assignment of error lacks merit and is not well-taken.
 {¶ 15} For the foregoing reasons, appellant's first, second, and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
BRYANT and WATSON, JJ., concur.